# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE LAMONT DAVIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA CORRECTIONAL INSTITUTION TRUST OFFICE OFFICIALS, et al.,<br><br>　　　　Defendants. | Case No.: 1:18-cv-01393-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF<br><br>ORDER GRANTING PLAINTIFF EXTENSION OF TIME TO SUBMIT COMPLETED IN FORMA PAUPERIS APPLICATION AND DIRECTING CLERK OF COURT TO SEND PLAINTIFF A BLANK IN FORMA PAUPERIS APPLICATION<br><br>[ECF Nos. 8, 9] |

Plaintiff Terrence Lamont Davis is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motions for injunctive relief, filed on November 13, 2018.

**I.**

**INTRODUCTION**

Plaintiff filed the instant action on October 10, 2018. On October 15, 2018, the Court directed Plaintiff to pay the $400.00 filing fee or submit an application to proceed in forma pauperis within forty-five days, i.e. November 29, 2018. (ECF No. 4.)

///

///

1

On October 29, 2018, Plaintiff filed a motion for a preliminary injunction to grant him access to the law library and legal materials. (ECF No. 5.) On November 1, 2018, the undersigned issued Findings and Recommendations recommending that Plaintiff's motion for injunctive relief be denied. (ECF No. 7.)

## II.

## DISCUSSION

### A. Legal Standards

A preliminary injunction is an extraordinary remedy never awarded as of right. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 9 (2008). For each form of relief sought in federal court, Plaintiff must establish standing. Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. Summers, 555 U.S. at 493; Mayfield, 599 F.3d at 969.

Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Thus, the federal court's jurisdiction is limited in nature and its power to issue equitable orders may not go beyond what is necessary to correct the underlying constitutional violations which form the actual case or controversy. 18 U.S.C. § 3626(a)(1)(A); Summers, 555 U.S. at 493; Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-104 (1998).

///
///
///

**B.	Analysis**

In his first motion for injunctive relief, Plaintiff contends that staff are refusing to file his in forma pauperis application and he has been denied access to the law library and materials. (ECF No. 8.)

In his second motion for injunctive relief, Plaintiff contends that he was transported to a different facility as an out to court inmate, and he is currently housed in the administrative segregation unit. (ECF No. 9.) Plaintiff requests that the Court order that he placed immediately on a special transport vehicle back to California Correctional Institution ("CCI"), in Tehachapi and housed in the same cell prior to his transfer. (Id.)

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii). The Court has not yet screened Plaintiff's complaint and determined whether there are any cognizable claims in this action. The mere pendency of this action does not provide a basis for the Court to issue an order for the injunctive relief that Plaintiff seeks.

With regard to Plaintiff's request for an immediate transport back to CCI in Tehachapi, prisoner has no Fourteenth Amendment liberty interest in avoiding being transported to anther prison (or being housed in a particular institution). See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225-27 (1976). Inmates have "no justifiable expectation" that they will be incarcerated in any particular prison, and transferring an inmate to another prison does not infringe a protected liberty interest. Olim, 461 U.S. at 245; Vitek v. Jones, 445 U.S. 480, 489 (1980). Therefore, Plaintiff's request for an immediate special transport back to CCI in Tehachapi is outside the permissible jurisdictional scope of this action and does not give rise to a liberty interest.

///
///

With regard to law library access, inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

A prisoner cannot submit conclusory declarations of injury by claiming his access to the courts has been impeded. Thus, it is not enough for an inmate to show some sort of denial of access without further elaboration. Plaintiff must demonstrate "actual injury" from the denial and/or delay of access. The Supreme Court has described the "actual injury" requirement:

> [T]he inmate … must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis, 518 U.S. at 351.

In this instance, Plaintiff has failed to allege or demonstrate "actual injury" by the failure of access to photocopy services. Thus, Plaintiff has failed to demonstrate that in the absence of preliminary injunctive relief he is likely to suffer actual injury in prosecuting his case. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988), citing Goldies Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). Plaintiff has provided no basis for this Court to interfere with the prison's administration of its access to the law library and legal property, and his request for injunctive relief should be denied. Accordingly, the Court will recommend that Plaintiff's motions be denied. However, the Court will grant Plaintiff an extension of time to submit the completed in forma pauperis application.

///

4

## III.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is granted thirty days from the date of service of this order to file a completed in forma pauperis application; and

2. The Clerk of Court is directed to send Plaintiff a blank application for a prisoner to proceed in forma pauperis.

## IV.
## RECOMMENDATION

For the reasons explained above, IT IS HEREBY RECOMMENDED that Plaintiff's motions for injunctive relief (ECF Nos. 8, 9) be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 14, 2018**

UNITED STATES MAGISTRATE JUDGE